### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

ALLSTATE INSURANCE COMPANY,     )
as subrogee of Cary Corbin,        )
                                  )
        *Plaintiff,*           )
                                  )
       v.                 )     Case Action File No.
                                  )
HEWLETT-PACKARD COMPANY     )
                                  )     JURY DEMAND
                                  )
        *Defendants.*        )

### COMPLAINT

Plaintiff, ALLSTATE INSURANCE COMPANY, as subrogee of Cary Corbin, through its undersigned counsel, complains of Defendant, HEWLETT-PACKARD COMPANY, as follows:

### JURISDICTION & VENUE

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1332(a)(2) as Plaintiff Allstate Insurance Company is an Illinois Corporation, with its principal place of business in Northbrook, Illinois and Defendant Hewlett-Packard Company is a Delaware Corporation, with its principal place of business in Palo Alto, California.  Defendant may be served through its registered agent for service of process, CT Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia  30361.  The amount in controversy exceeds $75,000 exclusive of costs and interest.

2.    Venue in this District is proper under 28 U.S.C. 1391(a)(2) and LR 3.4 MDGa., as the real and personal property damage that is the subject of this action occurred in the City of Valdosta, County of Lowndes, State of Georgia.

## THE PARTIES

3.     Plaintiff Allstate Insurance Company ("Allstate") is an insurance company organized and existing under the laws of the State of Illinois and is licensed to conduct business in the State of Georgia.

4.     At all material times, Cary Corbin was the owner of certain real and personal property located in the County of Lowndes at 3854 Pine Lane, in Valdosta, Georgia (hereinafter the "Corbin Residence").

5.     At all material times, the Corbin Residence was the subject of a policy of insurance written by Allstate, which, *inter alia*, provided insurance coverage for damage caused to the residence and its contents by fire.

6.     Upon information and belief, at all material times, Defendant Hewlett-Packard Company ("HP") was a Delaware corporation with its principal place of business in Palo Alto, California.

7.     Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

8.     This action arises out of an April, 19, 2014 fire that occurred at the Corbin Residence, which caused substantial damage to the residence and its contents (the "subject fire loss").

9.     Investigations into the subject fire loss revealed, so far at this stage of discovery and disclosure, that the fire was caused by overheating at or near the battery pack of a Hewlett-Packard Pavilion G6 Notebook laptop computer ("HP laptop").

10.     Specifically, the investigations revealed that overheating occurred at or near the battery pack in the HP laptop, and melted the surrounding plastic and other polymeric material, which subsequently ignited nearby combustibles.

11.     Upon information and belief, HP was the manufacturer and distributor of the HP laptop.

12.     Upon information and belief, the subject battery was original to the HP laptop, was sold and marketed under the HP brand name and was included with the purchase of the HP laptop.

13.     Upon information and belief, the HP laptop was purchased by Corbin sometime before April 19, 2014 from a Valdosta, Georgia area Office Max store.

14.     From its date of purchase to the date of the fire, Corbin used the HP laptop for its normal and intended purpose of personal computer related activities.

15.     Upon information and belief, the HP laptop and the associated battery were not altered, modified or repaired in any way subsequent to its purchase by Corbin.

16.     Pursuant to Corbin's policy of insurance, Corbin made a claim with Allstate seeking indemnification and reimbursement for the damage caused by the April 19, 2014 subject fire loss at the Corbin residence.

17.     Plaintiff Allstate has since paid to or on behalf of Corbin a sum in excess of One Hundred Seventy-Seven Thousand, Eight Hundred Eighty-Eight Dollars and Twelve Cents ($177,888.12) for repairs, replacement and other associated expenses stemming from the subject fire loss.

18.     In consideration of this payment by Plaintiff Allstate to Corbin, and by operation of law, Allstate became an actual, bona fide subrogee of Corbin, and became subrogated to

3

Corbin's rights and claims against any person or entity that may be liable for causing the fire at the Corbin residence.

## COUNT I – HP
## STRICT PRODUCT LIABILITY

19.     Plaintiff Allstate repeats and re-alleges paragraphs 1 through 18 of this Complaint, as though fully set forth in this Count I.

20.     At all relevant times Corbin used the HP laptop for its reasonable foreseeable and intended purpose.

21.     When the HP laptop left Defendant HP's control and entered the stream of commerce, it was not merchantable and not suited for its intended use, in one or more of the following ways.

      a.    The HP laptop contained one or more manufacturing defects related to the associated laptop battery and/or the laptop power supply;

      b.    The HP laptop contained one or more design defects related to the associated laptop battery and/or the laptop power supply;

      c.    The HP laptop was distributed and sold with insufficient and/or improper warnings regarding the risk of fire associated with the HP laptop, associated laptop battery and/or the laptop power supply; and

      d.    The HP laptop was distributed and sold with insufficient and/or improper instructions regarding proper use of the HP laptop, associated laptop battery and/or the laptop power supply.

22.     As a direct and proximate result of one or more of the foregoing defective conditions of the HP laptop, the HP laptop malfunctioned and ignited a fire within the Corbin Residence.

WHEREFORE, Plaintiff, ALLSTATE INSURANCE COMPANY, as subrogee of Cary Corbin, requests that judgment be entered in its favor and against Defendant HEWLETT-PACKARD COMPANY in an amount in excess of One Hundred Seventy-Seven Thousand,

Eight Hundred Eighty-Eight Dollars and Twelve Cents ($177,888.12) plus costs, and for such other or further relief as this Court deems equitable and just.

## COUNT II – HP
## NEGLIGENCE

23.     Plaintiff Allstate repeats and re-alleges paragraphs 1 through 18 of this Complaint, as though fully set forth in this Count II.

24.     At all relevant times, Defendant HP had a duty to exercise reasonable care and caution in the design, manufacture, testing, inspection and distribution of the HP laptop.

25.     At all relevant times, Defendant HP breached its duty of care by committing one or more of the following negligent acts or omissions:

a.     Defendant HP failed to properly manufacture and/or assemble the HP laptop;

b.     Defendant HP failed to properly design the HP laptop;

c.     Defendant HP failed to properly inspect the HP laptop and associated battery and/or power supply before placing the product into the stream of commerce;

d.     Defendant HP failed to properly test the HP laptop and associated battery and/or power supply before placing the product into the stream of commerce;

e.     Defendant HP failed to properly warn customers, including Corbin, of known dangerous conditions that existed in the HP laptop, including, but not limited to known defects and/or dangerous conditions associated with the associated battery and power supply;

f.     Defendant HP failed to correct and/or remedy known defects and/or known dangerous conditions within the HP laptop, including, but not limited to known defects and/or dangerous conditions associated with the associated battery and/or power supply;

g.     Defendant HP failed to supply customers, including Corbin, with adequate instructions or warnings for safe use of the HP laptop and associated battery and/or power supply; and

      h.      Defendant HP was otherwise careless and negligent in the design, manufacture, assembly, testing, inspection and/or distribution of the HP laptop and associated battery and/or power supply.

26.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions by Defendant HP, the HP laptop malfunctioned and ignited a fire within the Corbin Residence.

WHEREFORE, Plaintiff ALLSTATE INSURANCE COMPANY, as subrogee of Cary Corbin, requests that judgment be entered in its favor and against Defendant HEWLETT-PACKARD COMPANY in an amount in excess of One Hundred Seventy-Seven Thousand, Eight Hundred Eighty-Eight Dollars and Twelve Cents ($177,888.12) plus costs, and for such other or further relief as this Court deems equitable and just.

CARSON & ASSOCIATES

By: _____
          Charles R. Carson
          Georgia Bar No. 112851

Attorneys for Plaintiff Allstate Insurance Company

2494 Jett Ferry Road
Suite 210
Atlanta, GA 30338
Telephone: (678) 205-1537
Facsimile: (678) 205-1772
Email: crcarson@ccarsonlaw.com